STATE OF VERMONT

ENVIRONMENTAL COURT

| | |
|---|---|
| Appeal of Green Meadows | Docket No. 208-12-01 Vtec |
| Center, LLC } | |
| } | Docket No. 152-9-01 Vtec |
| Appeal of Tierney, <u>et al.</u> } | |
| } | Docket No. 179-10-99 Vtec |
| Appeal of Gilberg, <u>et al.</u> } | |

Final Order

The Court issued a decision and order on December 9, 2002 on all motions pending in the three above-captioned appeals involving property in Wilmington, Vermont. Docket No. 208-12-01 Vtec is an appeal from the Planning Commission's denial of approval of a Planned Unit Development (PUD) for the property. Docket No. 152-9-01 Vtec is an appeal from the ZBA's grant of conditional use approval (Application #844) for the uses proposed in connection with the Planned Unit Development. Docket No. 179-10-99 Vtec is an appeal of a 1999 conditional use permit (Application #803) issued by the ZBA for the property. This 1999 appeal had been put on hold while the Applicant applied for the Planned Unit Development approval at issue in the two more recent appeals.

In each of these cases Michael and Ellen Gilberg represent themselves; Patricia Tierney, John Scott, Louis Beaudette and Cynthia Beaudette are represented by Robin L. Stern, Esq.; and the Town of Wilmington is represented by Richard M. Gale, Esq. Applicant Green Meadows Center, LLC, and two additional appellants: Southeast Vermont Community Action, Inc. and The Community Alliance are represented by Richard D. Perra, Esq. Two citizens of Wilmington, Jennifer Fitzgerald and Clifford Duncan, were dismissed as interested parties from these appeals, but continue to receive courtesy notices of the proceedings, as does Mary Tursi. Because the Applicant and related parties were appellants in the most recent case, and were appellees in the two earlier cases, we refer to the parties as the Applicant and the 'Neighbors.'

Docket No. 179-10-99 Vtec

In connection with the 1999 appeal, the Court had ruled in November 2000 on summary judgment that an earlier conditional use permit issued in 1998 to operate a 'community center' on the property in lieu of the former residential school had not been appealed and had become final. In the December 9, 2002 decision, the Court ruled that the 1998 permit had expired during the passage of time since its approval, and that therefore Docket No. 179-10-99 Vtec had become moot and must be dismissed, since it was an application to amend an expired permit. It is hereby ORDERED and ADJUDGED that Docket No. 179-10-99 Vtec is hereby DISMISSED as moot.

Docket Nos. 208-12-01 Vtec and 152-9-01 Vtec

Although Applicant is a for-profit entity, Applicant has stated that the project site will be owned by and the project will be operated by Southeastern Vermont Community Action, Inc. (SEVCA), a non-profit corporation, and by the Community Alliance, which appears to be some type of unincorporated association whose members are otherwise unidentified. Neither of these entities had applied as an applicant for the approvals appealed to the Court in Docket Nos. 208-12-01 Vtec and 152-9-01 Vtec, although all three do appear as co-applicants on the related Act 250 Land Use Permit. The Court denied Applicant's motion to add the two additional applicants, ruling in the December 9, 2002 decision that the two applications on appeal in Docket Nos. 208-12-01 Vtec and 152-9-01 Vtec must be remanded to the respective municipal bodies to consider whether to add the two additional applicants, and what effect that may have on those applications.

In making that ruling, the Court noted that the Applicant also may wish to amend its applications when it goes back before the Planning Commission and the ZBA. First, the Applicant may wish to consider how the uses proposed for its project are affected by the analysis in the Court's August 2002 decision regarding which uses may be incorporated in a PUD application in this district.

Second, the Applicant may wish to consider how the uses proposed for its project are affected by the December 9, 2002 decision that the 1998 permit had expired, since at least the conditional use application and ZBA decision assumed that some of those uses had been approved in and were perpetually continued from the 1998 permit.

Third, the Applicant may wish to amend or refine its PUD application to address the Court's observation in its August 2002 order that many of the proposed uses appear to remain relatively amorphous as presented by the Applicant. While the Applicant described the proposed uses sufficiently in the Court proceedings for the Court to rule that many of them may be considered for approval within a PUD, the Applicant will have to be much more specific before the municipal bodies on remand about the nature of the proposed uses, their hours, numbers of participants, proposed conditions, numbers of vehicles, parking, and, for the proposed nonprofit group service uses, the nonprofit organization engaging in the use. Also, if the Applicant proposes to incorporate its Act 250 permit into its PUD application, it must do so explicitly.

At the telephone conference held on December 19, 2002, the Applicant stated that it did not intend to proceed as the sole applicant before the Court, but instead intended to proceed before the Planning Commission and ZBA with an amended application to include the other two applicants, and whatever other changes to its application it may choose to make in light of this Court's orders. Accordingly, the hearings scheduled for January 16 and 17, 2003 are CANCELLED, and the matter is REMANDED to the extent necessary for the Planning Commission and ZBA to consider any such amended applications. Please note that any future appeal that may be taken from any future action by the Planning Commission or the ZBA on any amended or new application would be a separate new appeal that would have to be filed with a new notice of appeal and would have to receive a new docket number.

Accordingly, Docket Nos. 152-9-01 and 208-12-01 Vtec are hereby entered on the Court's Docket as CONCLUDED by the decisions and orders issued in these matters. This closure,

however, is specifically without prejudice to any party's ability to raise any issues that the party could have raised in Docket Nos. 152-9-01 and 208-12-01 Vtec, in any future appeals taken from future Planning Commission or ZBA action on the new or amended applications. In addition, the respective appellant in either of these appeals may move to reopen that appeal, up to and including thirty days after action on the new proposal and/or any appeals of the new proposal become final.

Done at Barre, Vermont, this 19th day of December, 2002.


_____
Merideth Wright
Environmental Judge